UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOXMIND CANADA ENTERPRISES LTD.,<br><br>      Plaintiff,<br><br>   -v-<br><br>APROAT, AVBVCV-direct, AwinnerDirect, Brwvolix Toys Mall, BUYSBDD US, chongyangxianwennianshangmao, Dravilloy, Everyday Good Health, HaiTaiShiDianZi, Highyue, Home Clean Care, KM-BM, KUISANG Co.Ltd, LLESSOO US, Opehuo Toy Store, shanwoww, SIDAN, SOONEEDEAR, tongshanxianbaoxiangdianzishangwuyouxiangongsi, ZaiChi Store, zhangruizhen, ZhiYong, 义乌市焰缙日用百货有限公司 a/k/a Yiwu Yanjin Daily Necessities Co., Ltd. and 别弄，不然弄你店 a/k/a Don't do it, or your store will be ruined,<br><br>      Defendants. | 25-cv-5837 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against defendants Dravilloy and KM-BM ("Defaulting Defendants") for trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Pop It Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing,

1

promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, based on the representations of Plaintiff's counsel at the default judgment hearing held on January 8, 2026, and its letter motion dated December 30, 2025, hereby determines that service was properly effectuated against the Defaulting Defendants. A short opinion addressing this matter will enter in due course.

Accordingly, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and all other pleadings and papers on file in this action, the Court hereby orders as follows:

## I.    Defaulting Defendants' Liability

Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third and Fourth Causes of Action are dismissed without prejudice.

---

[1] Products bearing or used in connection with the Pop It Mark and/or marks that are confusingly similar to the Pop It Mark, and/or products in packaging and/or with labeling bearing the Pop It Mark and/or marks that are confusingly similar to the Pop It Mark, and/or products that are identical or confusingly similar to the Pop It Products

## II.  Damages Awards

It is further ordered that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand U.S. Dollars ($50,000.00) in statutory damages against each of the two (2) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

## III. Permanent Injunction

1) It is further ordered that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions:

A. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Pop It Mark;

B. Operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without

limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

C. Directly or indirectly infringing in any manner Plaintiff's Pop It Mark;

D. Using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Pop It Mark to identify any goods or services not authorized by Plaintiff;

E. Using Plaintiff's Pop It Mark and/or any other marks that are confusingly similar to the Pop It Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. Using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with:

4

(i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) It is further ordered that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's 4 trademarks, copyrights or other rights including, without limitation, the Pop It Mark, or bear any marks that are confusingly similar to the Pop It Mark pursuant to 15 U.S.C. § 1118.

3) It is further ordered that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements

and are identified in this Order are permanently enjoined and restrained from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4) It is further ordered that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are permanently enjoined and restrained from:

A. Operation of Defaulting Defendants User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. Instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H), III(3) and III(4)(A) above, including, without limitation, by providing services necessary for Defaulting Defendants to continue operating Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order.

**IV. Dissolution of Rule 62(a) Stay and Asset Turnover Motion**

It is further ordered, as sufficient cause has been shown, that the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. P. 62(a) is hereby dissolved. One (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the

Court of its intention not to proceed with a request for an asset turnover so the case may be closed as to the Defaulting Defendants.

### V. Miscellaneous Relief

Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order.

Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property.

This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

### VI. Conclusion

The Clerk of Court is respectfully directed to enter final judgment against defendants Dravilloy and KM-BM.

SO ORDERED.

New York, NY
January 8, 2026

_____
JED S. RAKOFF, U.S.D.J.

7